UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21890-CV-HOEVELER

ACCESS FOR THE DISABLED, INC.,
a Florida not-for-profit corporation,
and ROBERT COHEN, individually,

      Plaintiffs,

v.

HIALEAH FEE COMMONS, LTD.,
a Florida limited partnership,

      Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court by order of reference from Senior United States District Judge William M. Hoeveler [DE 59]. The Court has received plaintiffs Access for the Disabled, Inc. and Robert Cohen's Application for Attorney Fees, Costs and Litigation Expenses [DE 46], defendant Hialeah Fee Commons, Ltd.'s Memorandum in Response and Opposition to Plaintiffs' Application for Attorneys' Fees, Costs and Litigation Expenses [DE 49], Hialeah Fee Commons' Notice of Filing Affidavit of David S. Willig [DE 50], Hialeah Fee Commons' Notice of Filing Affidavit of Reasonable Attorneys' Fees [DE 51], the plaintiffs' Notice of Supplemental Authority [DE 53], and Hialeah Fee Commons' Supplemental Memorandum in Response to Plaintiffs' Notice of Supplemental Authority [DE 54]. Having considered the record in this case and having held a hearing on August 2, 2011, the Court hereby awards the plaintiffs $10,001.25 in attorneys' fees.

**I.      BACKGROUND**

This matter arose from the plaintiffs' efforts to enforce a consent decree that required Hialeah Fee Commons to make its Westland Commons Shopping Center compliant with the Americans with Disabilities Act. (DE 45 at 1-2.) On June 24, 2010, the plaintiffs filed a six-sentence-long Motion to Enforce Consent Decree, which did not specify which modifications Hialeah Fee Commons had allegedly failed to make. (DE 28.) The plaintiffs subsequently filed an Amended Motion to Enforce Consent Decree. (DE 30.)

Judge Hoeveler ruled in the plaintiffs' favor on fewer than half of their claims. (DE 45 at 14.) And although he found the plaintiffs to be the prevailing party, entitling them to attorneys' fees and costs, Judge Hoeveler noted that the plaintiffs' limited success could adversely affect the amount of their award. (*Id.* at 15.) Moreover, Judge Hoeveler ordered that, because "the plaintiffs' original motion to enforce lacked particularity," their award "shall be reduced by the reasonable attorney's fees the defendant's lawyer incurred in responding to the plaintiffs' first motion to enforce the consent decree." (*Id.* at 8.)

**II.     DISCUSSION**

In calculating reasonable attorneys' fees, the Court will first multiply the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court will adjust the award in light of the "results obtained." *Id.* at 434. Consistent with Judge Hoeveler's order, the Court will also reduce the plaintiffs' award by the reasonable attorneys' fees that Hialeah Fee Commons incurred in responding to the plaintiffs' first motion to enforce. Further adding the plaintiffs' requested $1,300 in expert fees yields a total of $10,001.25.

### A.     Lodestar

The plaintiffs request $10,562.50 for attorney Thomas B. Bacon (32.5 hours at $325 per hour) (DE 46-2 at 3), and $8,970.00 for Spencer M. Rose (27.6 hours at $325 per hour) (*id.* at 5).

When calculating the lodestar figure, the Court must exclude "hours that were not reasonably expended"—in other words, "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted).

The Court finds that Bacon and Rose reasonably expended their hours, except for the 3.5 hours that it took Rose to draft the first motion to enforce, which was only six sentences long and substantively lacking.  The Court therefore subtracts those 3.5 hours, leaving Rose with 24.1 reasonably-expended hours.

Next, the Court must determine Bacon and Rose's reasonable hourly rates.  "[A] reasonable hourly rate . . . is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (internal quotation marks omitted).

The Court finds that $325 is a reasonable hourly rate for Bacon.  Bacon has twenty-one years of legal experience, and has litigated hundreds of ADA Title III cases.  (DE 46 at 4.)

The plaintiffs neglected to provide any information about Rose's experience or skills in their filings, but testimony at the hearing and the research of another court in this district have established that Rose graduated from the University of Miami School of Law  and has practiced law since 1995. *Access for the Disabled v. Baer's Furniture Co.*, No. 07-60953-CIV-MARRA/JOHNSON, DE 29 at 9 (S.D. Fla. Mar. 16, 2011).  The Court finds that $250 is a reasonable hourly rate for an attorney of Rose's experience in this community.

The lodestars for Bacon and Rose are $10,562.50 and $6,025, respectively, for a total of $16,587.50.

### B. Downward Adjustment

#### 1. Reduction for the Results Obtained

"[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440. The district court should not use "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." *Id.* at 435 n.11 (internal quotation marks omitted). "[N]o precise rule or formula" exists for determining when a fee is proper in light of the results: "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

The Court finds that a reduction of the plaintiffs' lodestar is justified because, as Judge Hoeveler found, several of the plaintiffs' allegations were based on flimsy or unreliable evidence (DE 45 at 11-12), and others did not relate to anything in the consent decree (*id.* at 12 n.4, 13 n.5). To reflect this limited success, the Court reduces the plaintiffs' lodestar by 30%, to $11,611.25.

#### 2. Reduction for Hialeah Fee Commons' Reasonable Attorneys' Fees

Hialeah Fee Commons requests $2,910 (9.7 hours at $300 per hour) in attorneys' fees incurred in responding to the plaintiffs' first motion to enforce. (DE 50-1 at 3-4.) Hialeah Fee Commons had to respond comprehensively to a motion that did not specify which settlement provisions it had allegedly breached; it is reasonable to expend 9.7 hours investigating and responding to such a vague motion. As for the reasonable hourly rate, Hialeah Fee Commons' attorney David S. Willig has practiced law for twenty-three years. (DE 50-1 ¶ 3.) Furthermore, Hialeah Fee Commons agreed to pay a $300 rate. (*Id.* ¶ 11.) "[A] lawyer's actual billing rate" is

"superior evidence" of the prevailing market rate. *Dillard*, 213 F.3d at 1355. Therefore, Hialeah Fee Commons' request of $2,910 is reasonable. Subtracting that amount leaves $8,701.25.

### C. Costs

The plaintiffs request $1,300.00 in expert fees for inspectors Pablo Baez and Herbert Neff (6.5 hours at $200 per hour). (DE 46-6). Having reviewed the experts' "Re-Inspection Invoice" (*id.*), the Court finds that the time expended and the hourly rate are both reasonable. Adding the $1,300 yields a grand total of $10,001.25.

### III. CONCLUSION

The Court hereby

ORDERS that the plaintiffs' Application for Attorney Fees, Costs and Litigation Expenses [DE 46] is GRANTED in part such that the plaintiffs are hereby awarded $10,001.25 in attorneys' fees and costs to be paid by the defendant.

DONE and ORDERED in Chambers at Miami, Florida this 4th day of August, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE